MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EDWIN CALA, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| BUENA VISTA TORTILLAS CORP. (D/B/A BUENA VISTA TORTILLAS CORPORATION), NOE BALTAZAR, and MICHAELA VARGAS, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Edwin Cala ("Plaintiff Cala" or "Mr. Cala"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Buena Vista Tortillas Corp. (d/b/a Buena Vista Tortillas Corporation), ("Defendant Corporation"), Noe Baltazar and Michaela Vargas, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Cala is a former employee of Defendants Buena Vista Tortillas Corp. (d/b/a Buena Vista Tortillas Corporation), Noe Baltazar, and Michaela Vargas.

2.       Defendants own, operate, or control a Mexican corn products factory, located at 344 Manida St., Bronx, NY 10474 under the name "Buena Vista Tortillas Corporation".

3.      Upon information and belief, individual Defendants Noe Baltazar and Michaela Vargas, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the factory as a joint or unified enterprise.

4.      Plaintiff Cala was employed as a package worker at the factory located at 344 Manida St., Bronx, NY 10474.

5.      At all times relevant to this Complaint, Plaintiff Cala worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime compensation and spread of hours pay for the hours that he worked.

6.      Rather, Defendants failed to pay Plaintiff Cala appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Cala the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Cala to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cala and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Cala now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Cala seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cala's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mexican corn products factory located in this district. Further, Plaintiff Cala was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Edwin Cala ("Plaintiff Cala" or "Mr. Cala") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Cala was employed by Defendants at Buena Vista tortillas Corporation from approximately November 2017 until on or about July 22, 2021.

16.     Plaintiff Cala consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a Mexican corn products factory, located at 344 Manida St., Bronx, NY 10474 under the name "Buena Vista Tortillas Corporation".

18.     Upon information and belief, Buena Vista Tortillas Corp. (d/b/a Buena Vista Tortillas Corporation) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 344 Manida St., Bronx, NY 10474.

19.     Defendant Noe Baltazar is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Noe Baltazar is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Noe Baltazar possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cala, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Michaela Vargas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michaela Vargas is sued individually in her capacity as a manager of Defendant Corporation. Defendant Michaela Vargas possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Cala, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a Mexican corn products factory located in the Hunts Point section in the Bronx.

22.     Individual Defendants, Noe Baltazar and Michaela Vargas, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Cala's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cala, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Cala (and all similarly situated employees) and are Plaintiff Cala's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Cala and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendant Noe Baltazar operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28.   At all relevant times, Defendants were Plaintiff Cala's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Cala, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cala's services.

29.   In each year from 2017 to 2021, Defendants have had , both separately and jointly, a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that are used in the factory on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Cala is a former employee of Defendants who was employed as a package worker. Plaintiff Cala seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Edwin Cala*

32.     Plaintiff Cala was employed by Defendants from approximately November 2017 until on or about July 22, 2021.

33.     Defendants employed Plaintiff Cala as a package worker.

34.     Plaintiff Cala regularly handled goods in interstate commerce, such as tortillas and other supplies produced outside the State of New York.

35.     Plaintiff Cala's work duties required neither discretion nor independent judgment.

36.     Throughout his employment with Defendants, Plaintiff Cala regularly worked in excess of 40 hours per week.

37.     From approximately November 2017 until on or about June 2018, Plaintiff Cala worked from approximately 5:00 a.m. until on or about 5:00 p.m., 3 days a week (typically 36 hours per week).

38.     From approximately July 2018 until on or about August 2018, Plaintiff Cala worked from approximately 5:00 a.m. until on or about 5:00 p.m., 7 days a week (typically 84 hours per week).

39.     From approximately September 2018 until on or about June 2019, Plaintiff Cala worked from approximately 5:00 a.m. until on or about 5:00 p.m., 3 days a week (typically 36 hours per week).

40.     From approximately July 2019 until on or about August 2019, Plaintiff Cala worked from approximately 5:00 a.m. until on or about 5:00 p.m., 7 days a week (typically 84 hours per week).

41.     From approximately September 2019 until on or about July 2020, Plaintiff Cala worked from approximately 5:00 a.m. until on or about 5:00 p.m., 3 days a week (typically 36 hours per week).

42.     From approximately July 2020 until on or about October 15, 2020, Plaintiff Cala worked from approximately 5:00 a.m. until on or about 5:00 p.m., seven days a week (typically 84 hours per week).

43.     From approximately October 16, 2020 until on or about July 2021, Plaintiff Cala worked from approximately 5:00 a.m. until on or about 1:00 p.m., 5 days a week (typically 40 hours per week).

44.     Throughout his employment, Defendants paid Plaintiff Cala his wages in cash.

45.     During the months of November through May of the years 2017, 2018 and 2019, Defendants paid Plaintiff Cala a fixed salary of $25 per day.

46.     During the months of June, July, and August of the years 2018 and 2019, Defendants paid Plaintiff Cala a salary of $550 per week.

47.     From approximately July 2019 until on or about July 22, 2021, Defendants paid Plaintiff Cala $15.00 per hour.

48.     Plaintiff Cala's pay never varied even when he was required to stay later or work a longer day than his usual schedule.

49.     For example, Defendants required Plaintiff Cala to work 2 hours past his scheduled departure time twice a week, every two months, and did not pay him for the additional time he worked.

50.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cala regarding overtime and wages under the FLSA and NYLL.

51.     Defendants never provided Plaintiff Cala an accurate statement of wages, as required by NYLL 195(3).

52.     Defendants never gave any notice to Plaintiff Cala of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

53.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cala (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay and overtime compensation as required by federal and state laws.

54.     Plaintiff Cala was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55.     Defendants' pay practices resulted in Plaintiff Cala not receiving payment for all his hours worked, and resulted in Plaintiff Cala's effective rate of pay falling below the required minimum wage rate.

56.     Defendants habitually required Plaintiff Cala to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

57.     Defendants paid Plaintiff Cala his wages in cash.

58.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cala (and similarly situated individuals) worked, and to avoid paying Plaintiff Cala properly for his full hours worked.

60.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiff Cala and other similarly situated former workers.

62.     Defendants failed to provide Plaintiff Cala and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63.     Defendants failed to provide Plaintiff Cala and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64.      Plaintiff Cala brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65.      At all relevant times, Plaintiff Cala and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

66.      The claims of Plaintiff Cala stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

67.      Plaintiff Cala repeats and realleges all paragraphs above as though fully set forth herein.

68.      At all times relevant to this action, Defendants were Plaintiff Cala's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Cala (and the FLSA Class Members), controlled the terms and conditions of their

employment, and determined the rate and method of any compensation in exchange for their employment.

69.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71.     Defendants failed to pay Plaintiff Cala (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72.     Defendants' failure to pay Plaintiff Cala (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

73.     Plaintiff Cala (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74.     Plaintiff Cala repeats and realleges all paragraphs above as though fully set forth herein.

75.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Cala (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76.     Defendants' failure to pay Plaintiff Cala (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77.     Plaintiff Cala (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

78.      Plaintiff Cala repeats and realleges all paragraphs above as though fully set forth herein.

79.      At all times relevant to this action, Defendants were Plaintiff Cala's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Cala, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

80.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Cala less than the minimum wage.

81.      Defendants' failure to pay Plaintiff Cala the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

82.      Plaintiff Cala was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

83.      Plaintiff Cala repeats and realleges all paragraphs above as though fully set forth herein.

84.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Cala overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85.     Defendants' failure to pay Plaintiff Cala overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

86.     Plaintiff Cala was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

87.     Plaintiff Cala repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants failed to pay Plaintiff Cala one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Cala's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

89.     Defendants' failure to pay Plaintiff Cala an additional hour's pay for each day Plaintiff Cala's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

90.     Plaintiff Cala was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

91.     Plaintiff Cala repeats and realleges all paragraphs above as though fully set forth herein.

92.     Defendants failed to provide Plaintiff Cala with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main

office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

93.      Defendants are liable to Plaintiff Cala in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

94.      Plaintiff Cala repeats and realleges all paragraphs above as though fully set forth herein.

95.      With each payment of wages, Defendants failed to provide Plaintiff Cala with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

96.      Defendants are liable to Plaintiff Cala in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cala respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cala and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cala and the FLSA Class members;

(d)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Cala and the FLSA Class members;

(e)     Awarding Plaintiff Cala and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Cala and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cala;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cala;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Cala;

(j)     Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiff Singletary's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL and the spread of hours wage order are willful as to Plaintiff Cala;

(l)     Awarding Plaintiff Cala damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay as applicable

(m)     Awarding Plaintiff Cala damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Cala liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Cala and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Cala and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff Cala demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 16, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620
Faillace@employmentcomplieance.com

August 6, 2021

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Edwin Cala

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     6 de agosto 2021

*Certified as a minority-owned business in the State New York*                1