UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWIN CALA,

                              Plaintiff,

            -v-

BUENA VISTA TORTILLAS CORP., *et al.*,

                            Defendants.

21-CV-6890 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      Plaintiff Edwin Cala brought this action against Buena Vista Tortillas Corp., Noe Baltazar, and Michaela Vargas ("Defendants") alleging claims for unpaid minimum and overtime wages and spread of hours pay under the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. § 201 *et seq.*) and the New York Labor Law ("NYLL"). Now, Cala moves for an entry of default judgment against the Defendants, jointly and severally, in the amount of $140,693.00, including compensatory and permissible liquidated damages and prejudgment interest, attorney's fees in the amount of $2,645.50 and costs in the amount of $627.00, and post-judgment interest, all as calculated under 28 U.S.C. § 1961. For the reasons that follow, the motion is granted.

**I.    Background**

      The following background facts are taken from the amended complaint. (*See* Dkt. No. 9, hereinafter "Compl.".) Defendants Noe Baltazar and Michaela Vargas own or control a Mexican corn products factory located at 344 Manida St., Bronx, NY, 10474, under the name Buena Vista Tortillas Corporation. (Compl. at ¶¶ 2 – 3.) Per the complaint, both Baltazar and Vargas determined the wages, hours, and compensation of Buena Vista's employees and had hiring and firing powers. (Compl. ¶¶ 19 – 20.) Each allegedly possessed substantial control over Cala's

working conditions and the policies and practices governing Buena Vista's employees. (Compl. ¶¶ 21 – 24.)

The Defendants jointly employed Cala as a package worker at the factory, where he worked from November 2017 through July 22, 2021. Throughout his employment, he regularly worked long hours in excess of 40 hours per week. (*See, e.g.*, Compl. at ¶¶ 37 – 43, giving specific schedules for different time periods.) Cala was paid in cash, and from November through May of 2017, 2018, and 2019, was paid $25 per day, while in June, July and August of 2018 and 2019 he was paid $550 per week. From July 2019 through July 22, 2021, he was paid $15 per hour. His pay did not change on days when he had to work more than usual. (Compl. ¶¶ 44 – 48.) As a result, Cala alleges that he was routinely compensated less than the required minimum wage and was denied required overtime pay. (Compl. ¶ 65.) Defendants also failed to provide him with notification regarding overtime and wages under the FLSA and NYLL, nor did they provide him an accurate statement of wages or notify him of his rate of pay or the employer's regular pay day. (Compl. ¶¶ 49 – 52.)

Cala filed this action on August 16, 2021, and filed the amended complaint on August 17, 2021. (ECF Nos. 1, 9.) The amended complaint was served on Buena Vista Tortillas Corp. on September 16, 2021, and on Vargas and Baltazar on September 30, 2021. (ECF Nos. 43-3, 43-4, 43-5.) The Clerk of Court entered certificates of default against all three defendants on May 26, 2022. (ECF Nos. 39 – 40.) Cala moved for default judgment on June 2, 2022, and filed proof of service of the motion for default judgment and supporting papers on the defendants on October 27, 2022. (ECF Nos. 42, 48).

## II.     Legal Standard and Analysis

A party "against whom a judgment for affirmative relief is sought" is in default when it "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As a "default is an admission of all well-pleaded allegations against the defaulting party . . . a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (quotation marks omitted). Nonetheless, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." *Id.* (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). "To determine whether the plaintiff's allegations are well pleaded [for purposes of a default judgment], the Court applies the same standards that govern a motion to dismiss under [Rule] 12(b)(6)." *Conan Props. Int'l LLC v. Sanchez*, 2018 WL 3869894, at *2 (E.D.N.Y. Aug. 15, 2018) (citing *Steginsky v. Xclera Inc.*, 741 F. 3d 365, 368 (2d Cir. 2014)).

Accordingly, the Court accepts the facts Cala pleaded in his complaint as true. As to liability, Cala attaches to his motion for default an affidavit substantiating the number of hours he works and calculations of damages and attorney's fees, which the Court finds to be reasonable, under the FLSA and NYLL. (ECF Nos. 43-7; 43-8; 43-9.) The allegations in Cala's complaint and his affidavit, taken as true, establish Defendants' liability as a matter of law. Cala is therefore entitled to the relief he seeks:

(1) $140,693.00, which includes compensatory and permissible liquidated damages and prejudgment interest, all as computed as provided in 28 U.S.C. § 1961(a);

(2) Attorney's fees in the amount of $2,645.50 and costs in the amount of $627.00, computed as provided in 28 U.S.C. § 1961(a);

(3) Post-judgment interest as calculated under 28 U.S.C. § 1961; and

(4) If any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

### III. Conclusion

For the foregoing reasons, Cala's motion for default judgment is GRANTED. The Clerk of Court is directed to enter judgment in accordance with the foregoing.

The Clerk is respectfully directed to close the motion at Docket Number 42, enter judgment, and close the case.

SO ORDERED.

Dated: March 20, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge